**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
FELIX CANO, NOE RAMIREZ VASQUEZ,
and JORGE RAMIREZ, on behalf of themselves
and on behalf of all other similarly situated,

|                    |                      |
| Plaintiff(s),      | 08-CV-3005 (JFB) (AKT) |

- against -

FOUR M FOOD CORP.,
RICHARD LUKEMAN, an individual,
WILLIAM LUKEMAN, an individual, and
GREGORY LUKEMAN, an individual,

Defendants.
------------------------------------------------------------X

### DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION OF A COLLECTIVE ACTION UNDER THE FLSA

**NIXON PEABODY LLP**
*Attorneys for the Defendants*
50 Jericho Quadrangle, Suite 300
Jericho, New York 11753

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted by Defendants Four M Food Corp., Richard Lukeman, William Lukeman, and Gregory Lukeman, collectively referred to as the "Four M Defendants," in opposition to: Plaintiffs Felix Cano, Noe Ramirez Vasquez, and Jorge Ramirez's Motion to Conditionally Certify a Collection Action Under the Fair Labor Standards Act ("FLSA"); Plaintiffs' request that a Notice of Pendency relevant thereto be approved by the Court; and that the Four M Defendants be compelled to provide the names and addresses of purported similarly situated employees for the mailing of the respective Notice of Pendency.

Plaintiffs' Motion is critically flawed in two respects at this initial stage of the Court's determination as to whether Plaintiffs' matter should be certified as an FLSA collection action. First, Plaintiffs have not and cannot demonstrate that the Four M Defendants enacted, maintained, and/or imposed an unlawful policy or practice to which the Plaintiffs were victim. Rather, Plaintiffs' affidavits, and those of Marvin Alexander Ortiz Tadeo and Fernando Gonzalez, are constrained to generic, boilerplate assertions stating they were never properly compensated for hours worked excess of forty (40) per week.  Notably absent from Plaintiffs' vague motions and affidavits are any material circumstances encompassing and surrounding the alleged policy and practice of forcing the Plaintiffs to work in excess of forty (40) hours per week without proper overtime payment.

Despite the Plaintiffs' minimal burden at this point under the FLSA, such a meager showing does not come close to that which Plaintiffs need provide in order to evince a common policy or plan.  Further, Plaintiffs also fail to establish that they are similarly situated to potential opt-in plaintiffs.  Plaintiffs do name quite a few former co-workers who purportedly worked on similar tasks as they did, yet, the Plaintiffs present no facts as to the jobs held by these individuals, the hours worked by them and at which store location(s), the manner in which these

former co-workers were paid, and/or if they were paid in the same manner as Plaintiffs. Despite this, Plaintiffs make a self-serving jump to the conclusion that these individuals were similarly situated to them because of the generalized allegation that they were all continually denied proper compensation via the phantom policy.

Accordingly, given the undeniable absence of facts and circumstances yielding a concrete policy and plan that violates the law, and to which Plaintiffs were victim, compounded by Plaintiffs' failure to furnish any facts establishing a factual nexus between them and potential opt-in plaintiffs, the instant Motion should be denied.

**PROCEDURAL BACKGROUND**

On or about July 23, 2008, Plaintiffs filed this suit, styled as a collective and class action against the Four M Defendants, alleging violations of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law § 190(2). *See* Plaintiffs Complaint, annexed hereto as Exhibit "1," ¶¶ 1 and 8. In response thereto, on or about September 12, 2008, the Four M Defendants filed an Answer with Affirmative Defenses, a copy of which is annexed hereto as Exhibit "2." Shortly, thereafter, on or about November 5, 2008, Plaintiffs filed the instant motion seeking conditional certification as a collective action on their own behalf and that of other, similarly situated co-workers who were not properly compensated for overtime hours worked for the Four M Defendants. *See* Plaintiffs Memorandum of Law in Support of Plaintiffs' Motion for Conditional Certification of a Collective Action Under the FLSA, p. 1.

The Four M Defendants respectfully submit this Memorandum in Opposition to Plaintiffs' instant Motion.

## ARGUMENT

### PLAINTIFFS' ALLEGATIONS ARE INSUFFICIENT AND INAPPROPRIATE FOR A COLLECTIVE ACTION CERTIFICATION AND THEIR MOTION FOR NOTIFICATION MUST BE DENIED AS A MATTER OF LAW.

Under the FLSA, it is not mandatory that notice be sent to potential class members in a collective action. Contrary thereto, the authorization of a plaintiff's notice to other potential plaintiffs lies within the court's discretion, which discretion is to be exercised in only appropriate cases. *Davis et al. v. Abercrombie & Fitch Co., et al.*, 2008 U.S. Dist. LEXIS 85677, *26 (S.D.N.Y. 2008); *Bogosian v. All American Concessions*, 2008 U.S. Dist. LEXIS 78625, *16 (E.D.N.Y. 2008) (explaining "When employed in the appropriate case, these mechanisms foster 'the broad remedial purpose of the [FLSA] …as well as the interest of the courts in avoiding the multiplicity of suits.'") (citing *Braunstein v. E. Photographic Labs., Inc.* 600 F.2d 335, 336 (2d Cir. 1978).

Before exercising its discretion to conditionally certify an FSLA collective action, and subsequently authorize the issuance of notice, a district court must be persuaded that plaintiffs have demonstrated they are "similarly situated" to the potential putative collective action members. *Patton v. Thomson Corp.*, 364 F.Supp.2d 263, 2005 U.S. Dist. LEXIS 5987 (E.D.N.Y. 2005) (stating "The threshold issue in deciding whether to authorize such 'opt-in' notice is to determine whether other employees to whom such notice might be sent are 'similarly situated.'") (relying on relying on *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997); *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F.Supp.2d 101, 104, 2003 U.S. Dist. LEXIS 22089 (S.D.N.Y. 2003) (relying on *Sbarro*,  982 F. Supp. at 261, and citing to 29 U.S.C. § 216(b)). It is recognized that neither the FLSA nor the regulations implementing it provide a definition or standard for "similarly situated," which burden, therefore, in the Second Circuit is satisfied by plaintiffs "making a modest factual showing sufficient to demonstrate that ***they and***

*potential plaintiffs together* were *victims of a common policy or plan that violated the law*."
*Trinidad v. Breakaway Courier Systems, Inc.,* 2007 WL 103073 (S.D.N.Y. 2007) (quoting
*Sbarro*, 982 F. Supp. at 261) (emphases added); *see also Levy v. Verizon Information Services
Inc.,* 2007 WL 174104, *3 (E.D.N.Y. 2007) (noting "At this conditional certification stage, the
focus of the inquiry 'is not on whether there has been an actual violation of law but rather on
whether the proposed plaintiffs are similarly situated under 29 U.S.C. § 216(b) with respect to
their allegations that the law has been violated.") (citing *Young v. Cooper Cameron Corp.*, 229
F.R.D. 50, 54 (S.D.N.Y. 2005).

Again, while a plaintiff's burden requires but a modest factual showing at this stage, it,
nonetheless, cannot be predicated upon conclusory allegations or anecdotal hearsay. *Barfield v.
New York City Health and Hospitals Corp.*, 2005 U.S. Dist. LEXIS 2884, *3 (S.D.N.Y. 2005).
Instead, to satisfy this preliminary burden, the first step of the Court's analysis is to "determine
based upon the pleadings, affidavits and declarations, if the named plaintiff has demonstrated
that the proposed class members are 'similarly situated' to him or her." *Hens v. ClientLogic
Operating Corp.*, 2006 U.S. Dist. LEXIS 69021, 9-10 (W.D.N.Y. 2006); *accord Sherrill v.
Sutherland Global Servs.*, 487 F. Supp. 2d 344, 348, 2007 U.S. Dist. LEXIS 35983
(W.D.N.Y. 2007). *See also Davis*, 2008 U.S. Dist. LEXIS 85677 at *27 (explaining the similarly
situated inquiry can be satisfied by substantial allegations of a factual nexus between plaintiffs
and potential opt-in plaintiffs regarding the mutual employer's alleged violations). Pending
satisfaction of the first step, the Court may then certify the class as a collective action and
authorize notice to potential class members allowing them to opt-in to the action. *Id.* at *28.

Bearing this low standard in mind, it is clear that Plaintiffs' Complaint, instant Motion,
and the affidavits in support thereof fail to offer any factual nexus amongst Plaintiffs and

potential class members.  The sole, conclusory allegation, without any factual predicate, presented by Plaintiffs is that they were denied proper compensation for hours worked in excess of forty (40) hours per week.  *Prizmic v. Armour, Inc.*, 2006 U.S. Dist. LEXIS 42627, *7 (E.D.N.Y. June 12, 2006).  Absent a factual showing, the Four M Defendants will otherwise be "unduly burdened by a frivolous fishing expedition conducted by plaintiff[s] at the employer's expense." *Prizmic v. Armour, Inc.*, 2006 U.S. Dist. LEXIS 42627, *7 (E.D.N.Y. June 12, 2006) (quoting *D'Anna v. M/A-Com, Inc.*, 903 F. Supp. 889, 893-94 (D. Md. 1995).  Plaintiffs have failed to make a showing that they are similarly situated to the putative class and their Motion must be denied.

A.      **Plaintiffs Fail to Make a Factual Showing Sufficient to Demonstrate They and Potential Opt-in Plaintiffs Were Victim to a Common Policy or Plan that Violated the Law, and, as a Result, Fail to Meet Their Minimal Evidentiary Burden Under FLSA Section 216(b).**

In setting forth the basic principles recognized in the Second Circuit surrounding the "similarly situated" standard, Plaintiffs devote one (1) page in their Memorandum of Law to such principles, ***yet ignore the substance of what is required***: a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were <u>victims of a common policy or plan that violated the law</u>.  *Realite v. Ark Restaurants Corp.*, 7 F. Supp. 2d 303, 306, 1998 U.S. Dist. LEXIS 7390 (S.D.N.Y. 1998); *see also* Plaintiffs' Memorandum of Law, p. 6.  In place of such a showing, Plaintiffs generically contend that they "were continually denied proper compensation for the hours they worked in excess of forty (40) every week," and "know many of their former co-workers, whom they spoke with while still employed by the defendants and/or since they left, who were also not properly compensated for their overtime."  Plaintiffs' Memorandum of Law, p. 7, ¶ 1.

Plaintiffs' boilerplate affidavits fare no better in eliciting facts of a common policy or plan that violated the law, and to which they were each victim. They each state, as do Marvin Alexander Ortiz Tadeo and Fernando Gonzalez's affidavits, the following:

> I was never properly compensated for those hours I worked in excess of forty (40) per week for the defendants. I am advised by my attorneys that I should have been paid at time and one-half per hour for all hours worked in excess of forty (40). I was never properly compensated for work I performed in excess of forty (40) per week.

*See* Plaintiffs' Exhibits "3" to "7," Affidavits in Support of an Order for Notification to Potential Class Members, by: **(i)** Felix Cano, Exhibit "3," ¶¶. 8 – 9; **(ii)** Noe Ramirez Vasquez, Exhibit "4," ¶¶ 8 – 9; **(iii)** Jorge Ramirez, Exhibit "5," ¶¶ 8-9; **(iv)** Marvin Alexander Ortiz Tadeo, Exhibit "6," ¶¶ 9 – 10; and **(v)** Fernando Gonzalez, Exhibit "7," ¶¶ 8 and 10.

Plaintiffs' affidavits are analogous to those provided by the *Seever v. Carrols Corp.* plaintiffs who asserted violations of the FLSA based upon failure to pay wages for certain work-time activities and overtime, and filed a motion for conditional certification thereon. 528 F.Supp.2d 159, 2007 U.S. Dist. LEXIS 92379 (W.D.N.Y. 2007). The Court first found that there was no evidence of the alleged, illegal internal policies at one store which were alleged to be part of a uniform policy common to the other stores implicated, and continued:

> …[t]he affidavits relied upon by plaintiffs suggest only that on some unspecified occasions, some employees at other stores were allegedly not permitted to punch in or perform work unless their assistance was actually needed, or else were required to wait in the store after punching out for their manager to complete closing duties. The 'not permitted to punch in' allegation does not correspond with any of plaintiffs' claims and therefore provides no basis for a finding of commonality between the plaintiffs' claims and those of the putative additional class members. Moreover, *the affidavits are incomprehensibly vague as to the material circumstances surrounding these particular alleged policies*, such as whether these acts occurred during the time period relevant to this action, and whether employees who were told to punch in at a later time were free to leave in the meantime. Given these omissions, it is impossible for the Court to determine as a matter of law whether the activities the affiants describe were even compensable, let alone relevant to the instant plaintiffs' claims. As such, plaintiffs' affidavits do little to advance their modest burden to show that they and the putative plaintiffs were all victims of a common policy that violated the FLSA.

Here, Plaintiffs allege in their Complaint that they each individually complained "about the improper manner in which defendants were paying his wages, but his complaints were to no avail." *See* Complaint, Exh. 1, ¶¶ 64, 71, and 78. Yet, in not one of Plaintiffs', or potential opt-in plaintiffs', affidavits are there any factual depictions of these purported complaints about Defendants' alleged policy.

Additionally, the Plaintiffs and opt-in plaintiffs were in differing employment relationships and disparate pay scales throughout the duration of their jobs with the Four M Defendants. Clearly, the differences between these individuals alone belie the generalized, yet unidentified, policy involving failure to pay Plaintiffs and potential opt-in plaintiffs overtime. *Levinson, v. Primedia Inc., et al.*, 2003 U.S. Dist. LEXIS 20010, *5 (S.D.N.Y. 2003) (illuminating that the plaintiffs failed to support their allegation, and legal conclusion, as to the existence of a company-wide policy "…with a factual showing that extends beyond their own circumstances.").

Without providing proper evidence of an unlawful policy, Plaintiffs fail to meet the bar mandated by FLSA § 216(b), despite its slight nature, and their Motion must be denied. *See, e.g., Armour*, 2006 U.S. Dist. LEXIS 42627 at *7 – 8 (emphasizing "Here, plaintiff has not submitted any evidence by affidavit or otherwise to demonstrated that he and other potential plaintiffs were victims of a common policy or plan. On the contrary, plaintiff makes only general allegations in his complaint that he and other installation installers were denied overtime compensation."); and *New York City Health*, 2005 U.S. Dist. LEXIS at *3 (concluding that the "…plaintiff presents nothing more than anecdotal hearsay to suggest that there is a widespread practice of referral nurses working in excess of 40 hours per week by signing up through

multiple agencies, and no evidence whatever that this is pursuant to a policy of either Bellevue or the NYHHC.").

> **B.**      **Plaintiffs' Claims Are Ill-Suited for Collective Action Treatment Because Plaintiffs Fail to Show They are Similarly Situated to the Prospective Putative Class.**

Despite Plaintiffs' declaration that the burden for demonstrating they and potential opt-in plaintiffs are similarly situated is "very low" at the notice stage, they have completely failed to meet their "very low" burden. *See* Plaintiffs' Memorandum of Law, p. 6, ¶ 1.  Nonetheless, based only upon vague and conclusory allegations in their Complaint and affidavits, Plaintiffs still ask the Court to rush to the conclusion that some sort of mysterious "policy" applied to all other current and former employees across the three stores at issue.  Plaintiffs' affidavits lack any probative value on whether other employees referenced therein are similarly situated to them. Plaintiffs' affidavits only aver to knowledge of other employees' lack of overtime compensation based on the same reason in each statement, "because we discussed this matter amongst ourselves." *See* Plaintiffs' Exhibits "3" to "7," Affidavits by: **(i)** Felix Cano, Exhibit "3," ¶ 10; **(ii)** Noe Ramirez Vasquez, Exhibit "4," ¶ 10; **(iii)** Jorge Ramirez, Exhibit "5," ¶ 10; **(iv)** Marvin Alexander Ortiz Tadeo, Exhibit "6," ¶ 10; and **(v)** Fernando Gonzalez, Exhibit "7," ¶ 11.

These blanket statements are in stark contrast to the type of factual indicia acceptable for a sufficient factual showing, such as those presented in the *Davis* plaintiffs affidavits, including: (1) a policy described during a conference call with employees wherein all were directed to record no more than forty hours on their timesheets, no matter how many hours they had worked during a week; (2) a statement that timesheets should be submitted to regional managers, as opposed to human resources, so records could be falsified as needed; and (3) a directive given to an employee to "adjust the punches" so that it appeared employees worked no more than forty hours a week.  2008 U.S. Dist. LEXIS 85677 at *32 – 33.  *See also Mendoza v. Casa De Cambio*

*Delgado, Inc.*, 2008 U.S. Dist. LEXIS 27519 (S.D.N.Y. 2008) (elaborating upon the lack of factual nexus between plaintiffs and other putative class members, "While there is a low bar for allegations required for collective action certification, the lack of factual allegations in the affidavits or complaint show that the Plaintiffs are similarly situated with the other employees fail to meet that bar."); and *Primedia Inc.*, 2003 U.S. Dist. LEXIS 20010 at *6 (stressing as to the alleged policy violating the law to which all were subject, "The compensation schedules may lack a provision for overtime rates or a guaranteed minimum wage, but it is only when this evidence is combined with evidence such as that provided in connection with the existing plaintiffs, of hourly rates below the minimum wage, or overtime hours without overtime pay, that the necessary showing becomes possible.").

**C.**     **Adjudication of Affiant Fernando Gonzalez's Meal Time Claim, as Well as Any Similar Claim Presented by Potential Opt-In Plaintiffs, Require Individualized Inquiry Regarding Whether Each Meal Period Was Spent Predominantly for the Benefit of Their Respective Stores and/or Employers.**

Plaintiffs, in their Complaint, collectively allege that "Defendants denied plaintiffs time off for meals and breaks." *See* Complaint, Exh. 1, ¶ 81. Yet, similar to the purported complaints each Plaintiff alleges to have made regarding their inadequate compensation, as discussed above, only one (1) of the five (5) affidavits speaks to a lunch hour issue. Fernando Gonzalez, who was not one of the three plaintiffs who filed the Complaint, states in his affidavit, "In or about 2002, for approximately one (1) year, I was not properly compensated for my lunch hour. I was only permitted to take a thirty (30) minute lunch break, but my paycheck was deducted for a one (1) hour lunch break." Plaintiff's Exh. 7, ¶ 9.

As a result, the Court would have to undertake an individualized, factual inquiry into whether each Plaintiff and potential opt-in plaintiff had similar lunch hour issues as that alleged by Plaintiff Gonzalez. *See, e.g., Mike v. Safeco Ins. Co. of Am.*, 274 F. Supp. 2d 216, 221, 2003

U.S. Dist. LEXIS 21438 (D. Conn. 2003) (illuminating that "Because the proof in this case is

specific to the individual, Mike has not provided evidence of a common thread binding

his proposed class of employees. ...[t]he court would have to engage in an ad hoc inquiry for

each proposed plaintiff to determine whether his or her job responsibilities were similar to

Mike's. As such, Mike has not presented a firm basis for the court to identify similarly situated

individuals and has failed to meet his burden under the FLSA."); *accord Diaz v. Electronics*

*Boutique of America, Inc., et al*., 2005 U.S. Dist. LEXIS 30382, *12 (W.D.N.Y. 2005).

   Accordingly, the individualized inquiry required as to lunch hour compensation issues in

this case precludes a finding that this action should proceed on a collective basis and, therefore,

Plaintiffs'' Motion should be denied on this basis as well.  However, should the Court determine

this area to be one of proper inquiry, it is further noted that it is beyond the longer of the two,

relevant FLSA statute of limitations, three (3) years, and should be time-barred.

   **D.        Notice to The Putative Class is Premature and the Plaintiffs' Proposed
         Notice to the Putative Class is  Overbroad.**

   First and foremost, Plaintiffs' proposed "Notice of Pendency" ("Notice") to the putative

class members is premature because the Court has yet to determine the scope of the proposed

collective action, if any.  Notwithstanding the temporal aspect of Plaintiffs' proposed Notice, it is

patently overbroad as it seeks to provide notice to all current and former Four M Food Corp.

employees from 2002 to the present.  Hence, it purports to provide notice to all employees,

exempt and non-exempt employees alike, of all kinds, yet Plaintiffs' Complaint and moving

papers identify only grocery clerks, produce clerks, and one (1) porter.

   Accordingly, the scope of notice of collective action, should one be conditionally

certified by the Court, should be limited to current and former employees who were grocery

clerks, produce clerks, and porters.  Finally, the time period to which the notice should be

constrained is the from July, 2005 to the present, not 2002, as Plaintiffs request, pursuant to the broadest statute of limitations contemplated by the FLSA, three (3) years prior to the commencement of this suit.

In the event the Court determines notice should be issued in this case, the Court should order the parties to meet and confer toward resolution of a fair and accurate notice agreeable to the parties, collectively. *Carter v. Newsday, Inc.*, 76 F.R.D. 9, 16 (E.D.N.Y. 1976). Additionally, should the Court determine notice be issues in this case, it is well-settled that notice of a collective action should include contact information for defendants', as well as plaintiffs', counsel. *See Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F.Supp.2d at 108 (adding a paragraph to the notice containing contact information for counsel to defendants). At this time, Plaintiffs' proposed notice does not include the Four M Defendants' counsel's contact information, and it should be modified to include it, under its own heading, as a separate paragraph. Until such time as a Court ordered notice results, the Four M Defendants should not be compelled to provide the names and addresses of purported similarly situated employees as contemplated by Plaintiffs' moving papers.

## CONCLUSION

For all the foregoing reasons, the Four M Defendants respectfully request that the Court deny Plaintiffs' motion in its entirety, together with such other and further relief as the Court deems appropriate. In the event the Court grants Plaintiffs' motion for notice, such notice should be limited to those grocery clerks, produce clerks, and porters employed by Defendants for three (3) years prior to the commencement of this action. Such notice should also be substantively modified as depicted herein.

Dated:  December 24, 2008                    Respectfully submitted,

                                            **NIXON PEABODY LLP**

                                            By:  _____/S/_____

                                                Kerry A. Dinneen (KD 7041)