UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 08-CV-3005 (JFB) (AKT)

———————————

FELIX CANO, NOE RAMIREZ VASQUEZ, AND JORGE RAMIREZ, ON BEHALF OF
THEMSELVES AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

Plaintiffs,

VERSUS

FOUR M FOOD CORP., RICHARD LUKEMAN, WILLIAM LUKEMAN,
AND GREGORY LUKEMAN,

Defendants.

———————————

MEMORANDUM AND ORDER
February 3, 2009

———————————

JOSEPH F. BIANCO, District Judge:

Plaintiffs Felix Cano, Noe Ramirez Vasquez, and Jorge Ramirez (collectively, "plaintiffs") commenced this action on behalf of themselves and others similarly situated on July 23, 2008, seeking unpaid wages from Defendants Four M Food Corp., Richard Lukeman, William Lukeman, and Gregory Lukeman (collectively, "FOUR" or "defendants"), pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), 29 U.S.C. § 201, *et. seq.*, as well as New York Labor Law.[1] Plaintiffs now move, with respect to their first cause of action, for conditional certification as an FLSA collective action pursuant to 29 U.S.C. § 216(b) ("Section 216(b)"). They also move for court authorized notice to all individuals who are similarly situated in this potential collective action, and, to facilitate such notice, the production by defendants of names and last known physical addresses of certain of defendants' former and current employees. For the reasons set forth below, plaintiffs' motion for conditional certification under Section 216(b) of the FLSA, as well as court authorized notice and motion to compel the production by defendants of names and addresses of potential plaintiffs in the collective action, is granted. However, the scope of such notice shall be limited to only those individuals who are "similarly situated" to the named plaintiffs, as defined in this Memorandum and Order. The Court further orders that the parties jointly submit a modified notice in accordance with this Memorandum

———

[1] Plaintiffs filed this lawsuit as a class action under Rule 23 of the Federal Rules of Civil Procedure to pursue its claims under New York Labor Law, but no motion for Rule 23 class certification has yet been made by plaintiffs at the time of this opinion.

and Order for approval by the Court within thirty (30) days of the date of this Order.

I. BACKGROUND

A. Facts

In support of this motion for conditional certification of an FLSA collective action, plaintiffs have submitted supporting affidavits from the plaintiffs, Felix Cano, Noe Ramirez Vasquez, and Jorge Ramirez, as well as the affidavits of two potential "opt-in" plaintiffs, Marvin Alexander Ortiz Tadeo and Fernando Gonzalez. The Court has considered the pleadings and motion papers, and the affidavits and exhibits attached thereto, in adducing the facts relevant to this motion.

The defendants are in the supermarket business. (Plaintiffs' Memorandum of Law, at 2; Answer ¶ 11.) FOUR maintains three grocery stores in the State of New York, which are located in Brentwood, Bohemia, and Copiague. (Plaintiffs' Memorandum of Law, at 2.) Plaintiffs are former employees of the defendants. Plaintiffs claim that during their tenure as employees of FOUR, defendants failed to properly compensate them for their overtime work. Specifically, they claim that they "were subjected to a policy and practice of requiring them to work in excess of forty (40) hours per week, without providing proper payment for overtime" (Plaintiffs' Memorandum of Law, at 3) by "failing to maintain accurate time sheets and payroll records" and paying plaintiffs "at times, wholly or partially in cash, without providing an accurate indication as to their rate of pay, their hours worked each day, and the total hours worked each week." (Compl. ¶¶ 79-80.) They also allege that the potential plaintiffs to this action are "the current and former employees of the defendants, who have worked as shelf stockers, grocery baggers, food packers and wrappers, delivery truck unloaders and loaders, shopping cart retrievers, bathroom cleaners, and were part of the general maintenance staff." (Plaintiffs' Memorandum of Law, at 2.)

Plaintiff Felix Cano, the first named plaintiff, was "employed by the defendants to bag groceries, stock shelves, stock produce, change light bulbs and batteries in light fixtures, retrieve shopping carts, clean bathrooms and the floors, and to perform other general maintenance from, in or about, October 2001, until, in or about, May 2008." (Plaintiffs' Memorandum of Law, at 2; Affidavit of Felix Cano ¶¶ 2, 4-5.) Cano alleges that he was assigned to work in FOUR's Bohemia and Brentwood locations. (Complaint ("Compl.") ¶ 48.) He also alleges that he worked more than sixty (60) hours in most workweeks in which he was employed by defendants. (Compl. ¶ 60.) Cano further alleges that defendants failed to compensate him for time worked in excess of forty (40) hours per week at a rate of at least one and one-half time his regular hourly rate. (Compl. ¶ 62.)

Named plaintiff Noe Ramirez Vasquez was "employed by the defendants to stock shelves, pack groceries, assist in unloading the delivery trucks, empty the bottle machines, clean the bathrooms, and assist in the general maintenance from, in or about, May 2007, until, in or about, September 2008." (Plaintiffs' Memorandum of Law, at 2; Affidavit of Noe Ramirez Vasquez ¶¶ 2, 4-5.) Vasquez alleges that she was assigned to work in FOUR's Bohemia, Brentwood, and Copiague location. (Compl. ¶ 54.) She also alleges that she worked more than sixty (60) hours in most workweeks. (Compl. ¶ 74.) She further alleges that defendants failed to compensate her for time worked in excess of

2

forty (40) hours per week at a rate of at least one and one-half time her regular hourly rate. (Compl. ¶ 76.)

Plaintiff Jorge Ramirez, the third named plaintiff, was "employed by the defendants to stock shelves in the dairy and frozen food departments, pack groceries, retrieve shopping carts from the parking lot, cut the grass, clean bathrooms, and assist in performing basic maintenance from, in or about, August 2002, until, in or about, July 2007." (Plaintiffs' Memorandum of Law, at 2; Affidavit of Jorge Ramirez ¶¶ 2, 4-5, 7.) Ramirez alleges that he was assigned to work in FOUR's Bohemia and Brentwood locations. (Compl. ¶ 51.) He also alleges that he worked more than sixty (60) hours in most workweeks. (Compl. ¶ 67.) Ramirez further alleges that defendants failed to compensate him for time worked in excess of forty (40) hours per week at a rate of at least one and one-half time his regular hourly rate. (Compl. ¶ 69.)

The potential plaintiffs who would like to opt-in to this action are Marvin Alexander Ortiz Tadeo and Fernando Gonzalez. Tadeo was employed by the defendants from in or about January 2006 until in or about December 2007, and his "duties consisted of stocking the shelves, organizing and stocking the pallets, stocking the produce department, arranging produce, cleaning bathrooms, cleaning the floors, retrieving the shopping carts from the parking lot, and general maintenance." (Plaintiffs' Memorandum of Law, at 2-3; Affidavit of Marvin Alexander Ortiz Tadeo ¶¶ 4-5.) Fernando Gonzalez was employed by the defendants from in or about March 2002 until in or about January 2006, and his "duties consisted of cutting, cleaning, packing and wrapping the meat in the meat department." (Plaintiffs' Memorandum of Law, at 3; Affidavit of Fernando Gonzalez ¶ 5.)

B. Procedural History

Plaintiffs filed this action on July 23, 2008. On November 5, 2008, plaintiffs submitted the instant motion for conditional certification as an FLSA collective action. On December 24, 2008, defendants filed their opposition papers, and plaintiffs submitted a reply on January 5, 2009. Oral Argument was heard on January 30, 2009, and the Court reserved its decision at that time. The Court has fully considered the submissions of the parties.

II. DISCUSSION

A. Legal Standard

Section 216(b) of Title 29 provides, in relevant part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages . . . An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

3

29 U.S.C. § 216(b). "Under Section 216(b) of the FLSA, an employee has a private right of action 'to recover unpaid overtime compensation and liquidated damages from employers who violate the Act's overtime provisions.'" *Hens v. ClientLogic Operating Corp.*, 2006 WL 2795620, at *3 (W.D.N.Y. Sept. 26, 2006) (quoting *Gjurovich v. Emmanuel's Marketplace, Inc*., 282 F. Supp. 2d 101, 103 (S.D.N.Y. 2003)). "Although the FLSA does not contain a class certification requirement, such orders are often referred to in terms of 'certifying a class.'" *Parks v. Dick's Sporting Goods, Inc.*, 2007 WL 913927, at *3 (W.D.N.Y. March 23, 2007).

To determine whether an action should be certified as an FLSA collective action, a two-step analysis is used. *Rubery v. Buth-Na-Bodhaige, Inc.*, 569 F. Supp. 2d 334, 336 (W.D.N.Y. 2008) ("Courts utilize a two-step process when analyzing motions to certify a collective action under the FLSA"). The first step is to determine whether the proposed class members are "similarly situated." *Rubery*, 569 F. Supp. 2d at 336; *Gjurovich*, 282 F. Supp. 2d at 105 ("Once the [p]laintiff makes a colorable claim for relief, the only inquiry necessary is whether the potential plaintiffs to be notified are similarly situated to the named plaintiff."). At this stage, "the evidentiary standard is lenient," *Rubery*, 569 F. Supp. 2d at 336, and plaintiff must make a "modest factual showing sufficient to demonstrate that [they] and potential plaintiffs together were victims of a common policy or plan that violated the law." *Scholtisek v. The Eldre Corp*., 229 F.R.D. 381, 387 (W.D.N.Y. 2005). In making this showing, "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan" is required. *Scholtisek*, 229 F.R.D. at 387; *see also Gjurovich*, 282 F. Supp. 2d at 104 ("the determination that potential plaintiffs are similarly situated is merely a preliminary one") (internal quotation marks and citation omitted). This first stage determination is "based on the pleadings, affidavits and declarations." *Hens*, 2006 WL 2795620, at *3; *see also Hallissey v. America Online, Inc.*, 2008 WL 465112, at *1 (S.D.N.Y. Feb. 19, 2008) ("Plaintiffs may satisfy this requirement by relying on their own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members.").

The second phase of the FLSA collective action inquiry, on the other hand, typically occurs after the completion of discovery; at that point, the court makes a factual finding based on the developed record as to whether or not the class members are actually "similarly situated." "At that juncture, the court examines the evidentiary record to determine whether the 'opt-in' plaintiffs are, in fact, similarly situated to the named plaintiff." *Hens*, 2006 WL 2795620, at *4. If the court determines at that time that the members are not similarly situated under the law, then "the court will decertify the class, the claims of the opt-in plaintiffs will be dismissed without prejudice, and the class representatives may proceed to trial on their individual claims." *Rubery*, 569 F. Supp. 2d at 336. Also, "should the class description later be shown to require additional modifications, they can be made, as appropriate, during a second tier inquiry." *Id.* at 338; *see also Mendoza v. Casa de Cambio Delgado, Inc.*, 2008 WL 938584, at *2 (S.D.N.Y. Apr. 7, 2008) (court "has the power to alter or modify the class description if subsequent events suggest that it is appropriate to do so.").

Notably, "[c]ollective actions brought under the FLSA are different in various

respects from class actions under Rule 23 of the Federal Rules of Civil Procedure." *Sherrill v. Sutherland Global Svcs, Inc.*, 487 F. Supp. 2d 344, 348 (W.D.N.Y. 2007). Under the FLSA, potential plaintiffs are required to "opt-in" "to be bound by the judgment (and to benefit from it." *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 260 (S.D.N.Y. 1997). Each potential plaintiff must file his or her written consent in the court in which the suit is brought. *See id.* In relation to the class certification requirements, "a named plaintiff in a collective action need not demonstrate other facts – numerosity, commonality, typicality, and adequacy of representation – which are required to bring a class action." *Hens*, 2006 WL 2795620, at *3.

B. Application

1. Conditional Certification

In the instant case, the Court finds that the plaintiffs have satisfied their burden of showing, at this initial stage of the FLSA collective action inquiry, that certain proposed class members are "similarly situated" to them. Plaintiffs have alleged that they and the potential opt-in plaintiffs were subjected to a policy and practice of being required to work in excess of forty (40) hours per week without proper overtime pay. (Plaintiffs' Memorandum of Law, at 3.) Specifically, plaintiffs have alleged that the defendants have a common policy or practice to deny wages to its hourly employees by failing to maintain accurate time sheets and payroll records and by paying plaintiffs wholly or partially in cash. (Compl. ¶¶ 79-80.) Plaintiffs have sufficiently shown a factual basis for being similarly situated with respect to this common policy of being denied overtime pay through their pleadings and submitted affidavits. *Hens*, 2006 WL 2795620, at *3. Because at this stage, the burden on plaintiffs is a minimal one and only a "modest factual showing" need be made with respect to the issue of potential plaintiffs being "similarly situated," plaintiffs' "substantial allegations," *Scholtisek*, 229 F.R.D. at 387, regarding defendants' common failure to pay its general maintenance employees overtime pay pursuant to the FLSA is sufficient to overcome this burden. *Patton v. Thompson Corp.*, 364 F. Supp. 2d 263, 267 (E.D.N.Y. 2005); *see also Trinidad v. Breakaway Courier Systems*, 2007 WL 103073, at *2 (S.D.N.Y. Jan. 12, 2007) ("plaintiffs need only provide some factual basis from which the court can determine if similarly situated plaintiffs exist") (internal citations omitted); *Guzman*, 2007 WL 2994278, at *2 (stating that the burden is "very low" at the notice stage.)

First, the Court finds defendants' argument that "[p]laintiffs have not and cannot demonstrate that the Four M Defendants enacted, maintained, and/or imposed an unlawful policy or practice to which the [p]laintiffs were victim" unavailing. (Defendants' Memorandum of Law, at 2.) The facts here are similar to those presented to the court in *Wraga v. Marble Lite, Inc.*, 2006 WL 2443554, at *2 (E.D.N.Y. Aug. 22, 2006), where the court reasoned:

> In light of the minimal nature of Wraga's burden on this motion, he has sufficiently demonstrated that an identifiable "factual nexus" exists between his situation and that of other potential class members. In his affidavit, as well as in the complaint, Wraga describes a policy by which defendants required their employees to work in excess of 40 hours per week without paying them overtime as required by the FLSA. Further, based on conversations he had with other

5

employees, Wraga says that he is aware of at least 18 other laborers, installers, varnishers and tilers who performed the same or similar work as he, who were required by defendants to work in excess of 40 hours per week, but who were not paid overtime as part of the defendants' policy. Wraga describes conversations he observed between some of these employees and defendant Kobe in which the employees complained that they were not paid properly for their overtime hours. Wraga has even provided the names of seven such employees, all of whom appear on payroll records defendants have produced thus far in discovery, and one of whom was fired by Kobe for complaining about Kobe's failure to properly pay him for overtime work. Accordingly, the Court finds that allowing this case to proceed as a collective action is appropriate.

Defendants' contention that Wraga's affidavit is insufficient as a matter of law to support his motion because it contains merely conclusory allegations is misplaced. Courts routinely grant such motions based upon employee affidavits setting forth a defendant's plan or scheme to not pay overtime compensation and identifying by name similarly situated employees. *See Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 91, 96 (S.D.N.Y. 2003) (plaintiff established propriety of collective action notice by, *inter alia*, submitting declaration naming employees who were similarly situated); *see also Patton*, 364 F. Supp. 2d at 267; *Young*, 225 F.R.D. at 55.

Similarly, in this case, the named plaintiffs stated in their affidavits that they were continually denied proper compensation for the hours they worked in excess of forty (40) hours per week. (Affidavit of Felix Cano ¶¶ 2, 8, 10, 13; Affidavit of Noe Ramirez Vasquez ¶¶ 2, 8 10, 13; Affidavit of Jorge Ramirez ¶¶ 2, 8, 10, 13.) Plaintiffs further stated that they knew personally that many of their former co-workers, many of whom they listed by name, were also not properly compensated for their overtime. (Affidavit of Noe Ramirez Vasquez ¶¶ 10, 13; Affidavit of Jorge Ramirez ¶¶ 10, 13.) Plaintiff Cano's affidavit states that there are five to ten other "grocery baggers, shelve stockers, general maintenance staff" whom he believes were not properly compensated for their overtime wages, of which several he named (Affidavit of Felix Cano ¶¶ 2, 7, 10); similarly, Vasquez attested to six to ten other employees who "stocked the shelves in their respective departments, assisted in unloading the trucks, packed groceries, and assisted in general maintenance," whom she attempted to name (Affidavit of Noe Ramirez Vasquez ¶¶ 2, 7), and Jorge Ramirez attested to eight to fifteen "packers, shelf stockers, and grocery baggers," many of whom he named (Affidavit of Jorge Ramirez ¶¶ 2, 7.) The two affidavits of potential opt-in plaintiffs also indicate that they performed similar variations of general maintenance work and were subject to a denial of overtime pay. (Affidavit of Marvin Alexander Ortiz Tadeo ¶¶ 2, 9 11; Affidavit of Fernando Gonzalez ¶¶ 2, 8, 11.) Finally, the personal knowledge of plaintiffs as to defendants' failure to pay overtime wages to others was based in part on conversations with other co-workers. (Affidavit of Felix Cano ¶ 10; Affidavit of Noe Ramirez Vasquez ¶ 10; Affidavit of Jorge Ramirez ¶ 10; Affidavit of Marvin Alexander Ortiz Tadeo ¶ 11; Affidavit of Fernando Gonzalez ¶ 11.)

These statements setting forth defendants' common denial of overtime pay, the named plaintiffs' personal knowledge of and the names of other co-workers who were allegedly subject to the same denial of overtime pay, and the opt-in plaintiffs' affidavits attesting to the same, constitute a sufficient factual basis for alleging that the purported class members were "victims of a common policy or plan" and that a "factual nexus" exists between the situation of the named employees and that of other current and former employees. *Realite*, 7 F. Supp. 2d at 308; c*f. Rubery*, 569 F. Supp. 2d at 337 ("plaintiff has met her burden to demonstrate, by producing affidavits and time records from other Shop Managers which are indicative of a common policy or plan with respect to the duties and supervisory responsibilities of Shop Managers."); *Anglada v. Linens 'N Things*, Inc., 2007 WL 1552511, at *5 (S.D.N.Y. May 29, 2007) (finding that a plaintiff's complaint and declaration averring, based on his personal knowledge, that he, along with four other employees in similar positions, were not compensated for overtime work "satisfy the minimal standards for conditionally certifying an FLSA collective action at this preliminary stage of the proceedings."); *Prizmic v. Armour, Inc.*, 2006 WL 1662614, at *3 (E.D.N.Y. June 12, 2006) (denying conditional class certification where "[p]laintiff [had] not submitted *any* affidavit or documentation in support of the instant motion.") (emphasis supplied). Thus, the Court finds that conditional certification is warranted under the facts alleged in this case.

In this regard, the Court finds defendants' reliance on *Seever v. Carrols Corp.*, 528 F. Supp. 2d 159 (W.D.N.Y. 2007) to be misplaced. In that case, which had already undergone "extensive" discovery, the defendant employer moved simultaneously for summary judgment on several claims that indicated "no evidence," including in affidavits submitted by plaintiffs, that allegedly illegal internal policies "were part of a uniform policy common to other stores." *Id*. at 173. As defendants point out, the court in *Seever* stated that "the affidavits are incomprehensibly vague as to the material circumstances surrounding these particular alleged policies, such as whether these acts occurred during the time period relevant to this action . . . Given these omissions, it is impossible for the Court to determine as a matter of law whether the activities the affiants describe were even compensable, let alone relevant to the instant plaintiffs' claims." *Id*. at 174. However, the instant case is certainly distinguishable from *Seever*; plaintiffs here have alleged and attested to (1) a common policy of being denied overtime pay by having their time recorded inaccurately and being paid in part in cash, (2) similar work duties that are clearly compensable in nature, (3) personal knowledge of others' similar situation with respect to defendants' failure to pay overtime wages, (4) personal knowledge of the expected number and identities of potential plaintiffs, and (5) particular dates of overlapping employment that are, at least in some part, within the statute of limitations set by the FLSA.

The Court also rejects defendants' argument that "[p]laintiffs also fail to establish that they are similarly situated to potential opt-in plaintiffs" because they "present no facts as to the jobs held by [their former co-workers], the hours worked by them and at which store location(s), the manner in which these former co-workers were paid, and/or if they were paid in the same manner as [p]laintiffs." (Defendants' Memorandum of Law, at 3.) It is not necessary for the purposes of conditional certification that the prospective class members all performed the same duties, or worked during the same time periods, or worked at the

same locations as the named plaintiffs. Similarly, it is not critical whether Cano's position was that of a "porter" (Answer ¶ 47) while Ramirez, for example, was a "produce clerk." (Answer ¶ 49.) As long as they were all similarly situated with *respect to being subject to the same policy* of being denied overtime compensation, and there exists a factual nexus among the plaintiffs, conditional certification of the collective action is appropriate. *See Heagney v. European Am. Bank,* 122 F.R.D. 125, 127 (E.D.N.Y. 1988) ("[i]n order to be 'similarly situated,' the plaintiffs do not have to perform the same job in the same location as long as there is an [unlawful] policy common to all"); *Realite*, 7 F. Supp. 2d at 308 *(*"Instead, all that is required is "some identifiable factual nexus which binds the named [plaintiffs] and potential class members together as victims of a particular alleged discrimination."); *Chowdhury,* 2007 WL 2873929, at *4 ("defendants' attack on plaintiff's factual showing focuses mostly on irrelevant differences between plaintiff and opt-in plaintiffs. The proper inquiry in a § 216(b) determination is whether plaintiffs are similarly situated 'with respect to their allegations that the law has been violated'") (citing *Young*, 229 F.R.D. at 54); *Hallissey*, 2008 WL 465112, at *2 ("While dates of employment and hours worked are unique to each employee, it does not necessarily create dissimilarity under the FLSA. Nor does the fact that employees worked a variety of different jobs in a number of different departments at different locations preclude class treatment.") (internal citations omitted); *Parks,* 2007 WL 913927, at *3-*4 ("although similarity considerations might prove dispositive on a 'second stage' analysis, evidence of discrepancies between putative class members is insufficient to defeat FLSA certification at the initial stage, due to plaintiff's 'relatively lenient' burden to demonstrate that the class members were together subjected to the same wage and hour practices, for which she may rely on 'substantial allegations' of such practices."); *cf. Damassia v. Duane Reade, Inc.*, 2006 WL 2853971, at *6 (S.D.N.Y. Oct. 5, 2006) ("[o]n defendant's logic, no group of opt-in plaintiffs would ever be 'similarly situated' unless they were clones of one another working in completely identical stores, in identical neighborhoods, with identical clientele."). Because in this case, plaintiffs have sufficiently alleged that all of the prospective plaintiffs were subjected to the same illegal pay practices by FOUR and have set forth an identifiable factual nexus linking the named plaintiffs with putative collection action members, they have met the requirement of demonstrating that the named plaintiffs are "similarly situated" to the prospective collective action members. Indeed, defendants are simply incorrect in arguing that plaintiffs cannot claim to be similarly situated to prospective plaintiffs "because of the generalized allegation that they were all continually denied proper compensation via the phantom policy." (Defendants' Memorandum of Law, at 3.) First, the Court finds that plaintiffs have sufficiently characterized the policy that defendants allegedly followed and second, the allegation that "they were all continually denied proper compensation" is precisely why conditional certification is warranted at this stage.

Finally, it is well settled that the existence of certain individual claims does not preclude the conditional certification of an FLSA collective action. Defendants make the point that only one of the five affidavits, that of Fernando Gonzalez, speaks to a lunch hour issue. (Defendants' Memorandum of Law, at 10.) Therefore, defendants urge, "the Court would have to undertake an individualized,

factual inquiry into whether each [p]laintiff and potential opt-in plaintiff had similar lunch hour issues." (Defendant's Memorandum of Law, at 10.) However, an individual plaintiff may bring an individual claim in a collective action, so long as that plaintiff pursues the collective claim as well. *See Chowdhury*, 2007 WL 2873929, at *5 ("[E]ven if plaintiff's individual claims include grievances unrelated to overtime compensation, the inclusion of individual claims in a collective action does not render plaintiff not similarly situated to the opt-in plaintiffs."). Thus, the Court rejects defendant's argument on these grounds, because Gonzalez clearly attested to also being similarly subjected to FOUR's policy of denying overtime pay.

In sum, plaintiffs have demonstrated a sufficient "factual nexus between [their] situation and the situation of other current and former employees," *Realite*, 7 F. Supp. 2d at 308, who were potentially denied overtime wages. The pleadings and affidavits of the named plaintiffs, as well as the potential opt-in plaintiffs, are sufficient at this stage of the litigation for conditional certification of a collective action pursuant to Section 216(b) of the FLSA.

2. Scope of Notice

Plaintiffs further request that the Court authorize plaintiffs "to post and circulate a Notice of Pendency and Consent to Join form to all individuals who are similarly situated in this collective action." (Plaintiffs' Memorandum of Law, at 1.) Specifically, plaintiffs seek court authorization to circulate this proposed notice of pendency to all employees of FOUR and have set forth an identifiable factual nexus linking the named plaintiffs with putative collective action members, beginning six (6) years from the commencement of this lawsuit. (Plaintiffs' Memorandum of Law, at 8.) Defendants oppose the notice on the grounds that the notice "should be limited to current and former employees who were grocery clerks, produce clerks, and porters." (Defendants' Memorandum of Law, at 11.) Defendants also argue that the notice should only be sent to those specified employees who were employed by Defendants within the past three (3) years prior to the commencement of the action. (Defendants' Memorandum of Law, at 12.)

Even though Section 216(b) does not expressly provide a district court with the authority to order notice, "[t]he Second Circuit has recognized a district court's authority to order that notice be given to potential members of a plaintiff class in actions under this section (generally referred to as 'collective actions'), pursuant to the opt-in provisions of the FLSA." *Rubery*, 569 F. Supp. 2d at 335 (internal citation omitted); *see also Scholtisek*, 229 F.R.D. at 387. Upon conditional certification of an FLSA collective action and notice thereof, class members are given the opportunity to "opt in." *Rubery*, 569 F. Supp. 2d at 336. "Because a collective action requires written consent from the opt-in plaintiffs, 'it lies within the discretion of a district court to begin its involvement early, at the point of the initial notice,' in order to ensure that the drafting and distribution of the notice is 'timely, accurate and informative.'" *Rubery*, 569 F. Supp. 2d at 336 (quoting *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 171-72 (1989)).

Although the Court finds that conditional certification is warranted, it concludes that the scope of notice should not be as broad as plaintiffs have proposed. As an initial matter, the Court finds it prudent to limit the scope of the notice of pendency to only those employees

as to whom there are allegations that they have been affected by defendants' policy of denying overtime pay. Because there is no factual basis for deeming plaintiffs, with respect to defendants' alleged failure to pay overtime wages, "similarly situated" to all current and former employees of FOUR, the notice shall only be sent to those employees who engaged in similar job duties as the plaintiffs, including general maintenance work for the defendants at any of defendants' grocery store locations. Since plaintiffs have not set forth any facts or allegations with respect to employees other than those engaged in similar duties to the plaintiffs – namely, general maintenance work and variations thereof – the Court finds that notice to *all* employees of FOUR is unnecessary. Even though plaintiffs are certainly not required to show that they are identically situated, or that they possess the same attributes with respect to their job, they are required to show that they are subject to the same common policy or plan by defendants. In this regard, the Court is not persuaded that plaintiffs have made any attempt to show that all employees of FOUR are similarly situated to the named plaintiffs and as such, the proposed notice of pendency should be modified accordingly. *Cf. Sherrill*, 487 F. Supp. 2d at 350 ("Although it is true that a finding of 'similarly situated' does not require the plaintiffs to perform the same job in the same location as long as there is [an unlawful] policy common to all, plaintiffs have not demonstrated that the Sutherland policies and practices complained of affected hourly employees other than telemarketing agents.") (internal quotation marks and citation omitted).

The plaintiffs and opt-in plaintiffs have stated that as employees, they completed various tasks, including stocking shelves, cleaning bathrooms, cutting the grass, cleaning the walls, changing light bulbs, unloading delivery trucks, bagging groceries, and arranging produce. (Plaintiffs' Memorandum of Law, at 7-8.) Even if these individuals lacked a precise job title or shared the same titles, their duties were similar in nature and can broadly be categorized as general maintenance work, a term which plaintiffs use themselves in their affidavits and the complaint. Accordingly, the notice of pendency should be directed to these employees. This may include employees of FOUR, however, who do not necessarily have the job titles of "grocery clerks, produce clerks, and porters," as long as the individuals were engaged in similar duties as the named plaintiffs and were subject to the same alleged denial of overtime wages. In this respect, the Court finds that plaintiffs' description of the potential plaintiffs in their Memorandum of Law seems comprehensive, and the notice may use such language: "the current and former employees of the defendants, who have worked as shelf stockers, grocery baggers, food packers and wrappers, delivery truck unloaders and loaders, shopping cart retrievers, bathroom cleaners, and were part of the general maintenance staff." (Plaintiffs' Memorandum of Law, at 2.)

Plaintiffs also propose that this notice of pendency be circulated in both English and Spanish. (Declaration of Troy L. Kessler ¶ 6.) To the extent such circulation is approved in this Memorandum and Order, the Court authorizes a translated version to be circulated in Spanish, particularly given that the plaintiffs have attested to their affidavits having been translated into Spanish. (Affidavit of Felix Cano ¶ 14; Affidavit of Noe Ramirez Vaxquez ¶ 14; Affidavit of Jorge Ramirez ¶ 14; Affidavit of Marvin Alexander Ortiz Tadeo ¶ 13; Affidavit of Fernando Gonzalez ¶ 13.)

Plaintiffs further propose that the notice of pendency be sent to current and former employees who have worked for defendants

10

within six years of the commencement of this lawsuit. The FLSA has a maximum three year statute of limitations period. *See* 29 U.S.C. § 255. Plaintiffs request a six year period, however, because the state law claims brought in this action, over which the Court may exercise supplemental jurisdiction, have a six year limitations period. *See* 28 U.S.C. § 1367. Even though district courts in this Circuit have granted both six and three year periods in similar cases, this Court finds it prudent and expedient in this case to allow a six-year period to apply, even if some recipients of the notice will have claims that are time-barred under the FLSA. Since there may be a number of employees who have both timely state and FLSA claims (such as named plaintiffs Cano and Ramirez and opt-in plaintiff Gonzalez), and the number of potential plaintiffs is purportedly not very high, it seems logical, efficient, and manageable to compel defendants' production of these names only once, if possible. While a few other courts have only allowed notice to be sent, under similar circumstances, to employees within a three year time period, see *Foster v. Food Emporium*, 2000 WL 1737858, at *3 (S.D.N.Y. Apr. 26, 2000), *LeGrand v. Education Management Corp.*, 2004 WL 1962076, at *2 (S.D.N.Y. Sept. 2, 2004), and *Sobczak v. AWL Industries, Inc.*, 540 F. Supp. 2d 354, 364 (E.D.N.Y. 2007), this Court finds the reasoning of other courts, who have allowed a six-year period, persuasive. *See Harrington v. Educ. Mgmt. Corp.*, 2002 WL 1343753, *2 (S.D.N.Y. June 19, 2002); *Realite*, 7 F. Supp. 2d at 308 n.4; *Wraga v. Marble Lite, Inc.*, 2006 WL 2443554, at *3 (E.D.N.Y. Aug. 22, 2006).

Defendants' argument that only a three-year period should apply is based on the assertion that the Court would lack jurisdiction over those individuals who have timely claims under state law, but not under the FLSA. If, however, plaintiffs successfully move at a later date for class certification of the state law claims, it is clear that this Court would have proper jurisdiction over these individuals. *See, e.g., Jankowski v. Castaldi*, 2006 WL 118973, at *9 (E.D.N.Y. Jan. 13, 2006) (approving class certification of New York state law claims seeking recovery of allegedly unpaid overtime wages in an action already conditionally certified pursuant to the FLSA); *Brzychnalsi v. Unesco, Inc.*, 35 F. Supp. 2d 351, 354 (S.D.N.Y. 1999) ("Although different time periods are involved because of the different statutes of limitations applicable to the FLSA and NYMWA claims, there is substantial overlap . . . There is no reason why the claims should be separately litigated in two different courts."); *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 375 (S.D.N.Y. 2007) ("[T]he federal and state law claims unquestionably derive from a common nucleus of operative fact and warrant the exercise of supplemental jurisdiction. The federal and state wage and hour claims are essentially the same and arise out of the same alleged conduct of the defendants."); *Gardner v. Western Beek Properties, Inc.*, 2008 WL 2446681, at *2 (E.D.N.Y. June 16, 2008) ("Despite the alleged incompatibility of the FLSA collective action and a Rule 23 opt-out class, the Court notes that federal courts in New York have regularly allowed the two to coexist.") (collecting cases).

Defendants seem to suggest that notice to the aforementioned individuals should then await this potential class certification. However, the absence of class certification at this stage does not require that the Court refrain from having the notice span six years. Even in the absence of class certification under Rule 23, it is possible that these individuals could fall within the Court's pendant party

jurisdiction, pursuant to 28 U.S.C. § 1367(a).[2] *See Exxon Mobil Corp. v. Allapattah Svcs., Inc.*, 545 U.S. 546, 553 (2005). Indeed, "federal courts may, and often do exercise supplemental jurisdiction over state labor law claims, even when those employees' FSLA claims have been dismissed as time-barred," *Wraga*, 2006 WL 2443554, at *3 (collecting cases); *Chen v. Street Beat Sportswear, Inc.*, 364 F. Supp. 2d 269, 276 (E.D.N.Y. 2005) (exercising supplemental jurisdiction over two plaintiffs' state law claims, even though their FLSA claims were time-barred); *Ouedraogo v. Durso Associates, Inc.,* 2005 WL 1423308, at *2 (S.D.N.Y. June 16, 2005) ("Ultimately, Jallow's state law claims share too many common threads with the other plaintiffs' federal claims for them to be separated from one other. As such, the court concludes that the exercise of supplemental jurisdiction, including pendant party jurisdiction, over Jallow's state law claims is appropriate.") (footnote omitted). Therefore, the Court will allow the notice of pendency to be circulated to current and former employees, within the applicable category of duties described *supra*, who have worked for the defendants within six years prior to the commencement of this lawsuit.

Defendants also object to the form of the plaintiffs' proposed notice of pendency in that it fails to include defendants' counsel's information. (Defendants' Memorandum of Law, at 11.) The Court agrees that both counsel's contact information should be included in the notice. *See Gjurovich*, 282 F. Supp. 2d at 108. In accordance with this Memorandum and Order, the parties shall submit a joint proposed notice of pendency to the Court for approval "in order to ensure that the drafting and distribution of the notice is timely, accurate and informative." *Rubery*, 569 F. Supp. 2d at 336 (internal citation and quotation marks omitted); *see also Mendoz v. Casa De Cambio Delgado, Inc.*, 2008 WL 938584, at *1 (S.D.N.Y. Apr. 7, 2008) ("Courts have wide discretion here to grant certification, allow discovery, and regulate notice."). This joint proposed notice, with its Spanish translation, shall be submitted within thirty (30) days of this Memorandum and Order.

### 3. Motion to Compel Production of Names and Last Known Addresses

Plaintiffs also seek relief "[c]ompelling defendants to furnish the names and last known physical addresses of those individuals in the collective action." (Plaintiffs' Memorandum of Law, at 1.) Courts often grant this kind of request in connection with a conditional certification of an FLSA collective action, and this Court concludes such a request is appropriate in this case. *See, e.g.*, *Hens*, 2006 WL 2795620, at *5 (stating that the name, last known mailing address, last known telephone number, work location, and dates of employment are "essential to identifying and notifying potential 'opt-in' plaintiffs, and should be disclosed"); *Sherrill*, 487 F. Supp. 2d at 350 ("I agree that such information is essential to identifying prospective opt-in plaintiffs."); *Chowdhury*, 2007 WL 2873929, at *2 ("When a court certifies a collective action, it may require an employer to disclose the names and addresses of potential plaintiffs."); *Anglada*, 2007 WL 1552511, at *7 ("Courts within this Circuit routinely grant plaintiffs' motions to compel production of the names and addresses of potentially similarly situated employees who may wish to 'opt-in'

---

[2] Of course, under the Court's supplemental jurisdiction, the Court has the discretion to decline to exercise supplemental jurisdiction, if it becomes clear that the state law claims substantially predominate over the FLSA claims. *See* 28 U.S.C. § 1367(c).

to a collective action"); *Rubery*, 569 F. Supp. 2d 334, 338 ("Counsel's request for contact information from those opting into the class is neither unusual nor inappropriate."). Defendants shall provide this information to plaintiffs within forty-five (45) days of this Memorandum and Order, provided that the notice submitted by the parties is approved by the Court.

III. CONCLUSION

For the reasons set forth above, plaintiffs' motion for conditional certification as an FLSA collective action, pursuant to Section 216(b) of the FLSA, and for court authorized notice and the production by defendants of certain employees' names and last known addresses, is granted, in accordance with the guidelines set in the foregoing decision.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: February 3, 2009
Central Islip, NY

* * *